IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY JEFFREY CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>NATE TAYLOR et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS**<br><br>Case No. 2:17-CV-992 RJS<br><br>District Judge Robert J. Shelby |

Plaintiff, Anthony Jeffrey Christensen, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2018), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. Based on the latest information available to the Court, Plaintiff is a pretrial detainee, currently defending himself on murder and related charges. His claims involve the murder investigation and follow-up proceedings.

Plaintiff names the following defendants: Nate Taylor (Mount Pleasant Police Department (MPPD)); Jim Willberg (MPPD); Daniel Mower (MPPD); Duane Ballantyne (MPPD); Keith Jensen, (Sanpete County (SC)); Greg Peterson (SC); Tyler Johnson (SC); and Brady Keisel (SC). He asserts that Defendants violated his federal constitutional rights under the facts of releasing his personal property in an unauthorized way, bullying a witness holding Plaintiff's power of attorney, search and seizure of his personal property, denial of counsel to represent him, service of a warrant to him in jail, and irregular activities of a prosecutor.

The Amended Complaint, (Doc. No. 37), is now before the Court on Defendants'

Motions to Dismiss. (Doc. Nos. 28 & 32.)[1]

## ANALYSIS

### 1. Grounds for Dismissal

In evaluating the propriety of dismissing claims for failure to state a claim upon which

relief may be granted, this Court takes all well-pleaded factual assertions as true and regards

them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493

F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the

plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is

on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that

he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

When a civil rights complaint contains "bare assertions," involving "nothing more than a

'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those

assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the

pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff

has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d

at 1177 (italics in original).

---

[1]Though the Amended Complaint was docketed after the Motions to Dismiss, Defendants appear satisfied that their Motions to Dismiss address the Amended Complaint and that they need not add anything. (Doc. No. 41, at 3.)

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

## 2. Affirmative Link

The Court first addresses Plaintiff's due-process and just-compensation claims regarding his allegations that his personal property was released with a lack of authorization. Plaintiff just says that "the police" released his property but does not identify any particular defendant.

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff does not identify behavior by Defendants that links them with this violation of his constitutional rights.

Because Plaintiff has done nothing to affirmatively link the claim regarding the release of his personal property to Defendants, this claim does not survive further.

### 3. Improper Claim

Plaintiff alleges that the "bullying" of his "witness," who held his "power of attorney," somehow violated his federal constitutional rights. First, there is no federal constitutional claim for bullying; and second, Plaintiff has no standing to assert a claim for his "witness." This claim is thus dismissed.

### 4. Issues in Ongoing Criminal Case

The Court now addresses the claims as to search and seizure of his personal property, denial of counsel to represent him, service of a warrant on him in jail, and irregular prosecutorial activities. Plaintiff frames all these issues as stemming from his ongoing criminal case.

### a. *Younger* abstention

The Court denies relief on these issues under the *Younger* abstention doctrine. *See Housley v. Williams,* No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *2 (N.D. Cal. May 1, 2002). After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The abstention analysis has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871

F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying the analysis here, the Court first determines based on the information in the complaint that there is a pending state judicial proceeding. Second, although this is a federal civil-rights case, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks--both here and in state court--ongoing criminal proceedings, the Court concludes the issues in this noncriminal civil-rights case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court. The Court is persuaded by this analysis to avoid intervening in Plaintiff's state criminal proceedings and therefore denies Plaintiff's claims on this basis.

### b. *Heck*

An alternative basis on which to deny Plaintiff's claims in this section is the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their [criminal proceedings] without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal [proceedings]." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in an ongoing criminal

case. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must

decide whether judgment in the plaintiff's favor would unavoidably imply that his ongoing

criminal proceedings are invalid. *Id.* at 487. Here, it would. If this Court were to conclude that

Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that

Plaintiff's criminal proceedings are not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the

conviction . . . has already been invalidated." *Id.* This has not happened and cannot happen until

Plaintiff's state criminal case has run its course. The Court must thus dismiss Plaintiff's claims.

*See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred

(absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)--if success in that action would necessarily demonstrate the invalidity of [criminal

proceedings.").

# ORDER

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss are **GRANTED**, albeit on somewhat different bases than Defendants argued. (Doc. Nos. 28 & 32.). Plaintiff's Complaint fails to state a claim on which relief may be granted.

This action is **CLOSED** without prejudice.

DATED this 21st day of September, 2018.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court