IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY JEFFREY CHRISTENSEN, <br><br> Plaintiff, <br><br> v. <br><br> NATE TAYLOR et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTIONS TO ALTER JUDGMENT AND AMEND COMPLAINT** <br><br> Case No. 2:17-CV-992 RJS <br><br> Chief District Judge Robert J. Shelby |

On September 21, 2018, concluding Plaintiff failed to state a claim upon which relief may be granted, the court granted Defendants' Motions to Dismiss. (Doc. Nos. 28, 32, & 53.) Plaintiff then filed two motions to alter or amend the judgment; and on July 31, 2019, filed a motion to amend his complaint.

## MOTIONS TO ALTER OR AMEND JUDGMENT

In support of his motions to alter or amend the judgment, Plaintiff asserts: (1) he lacks a law library to allow him to better assert his claims, (2) pending motions were not explicitly ruled upon in the dismissal order, and (3) his claims had merit (for reasons repetitive of his original arguments). (Doc. Nos. 55 & 58.)

Federal Rule of Civil Procedure 59(e) reads: "A motion to alter or amend judgment must be filed not later than 28 days after the entry of the judgment." Such a motion

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under

> Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff has not shown any of these three grounds for relief exist in this case. First, his lack of a law library does not excuse him from stating meaningful claims. If Plaintiff believes he has been denied the legal access guaranteed him by the Federal Constitution, he may file a separate civil-rights complaint alleging that separate claim.[1]

Second, motions pending at the time a dismissal order is entered are understood to be implicitly denied. And, third, Plaintiff's rehashing of his original arguments is unavailing.

---

[1] **Error! Main Document Only.** If Plaintiff chooses to file such a separate complaint, Plaintiff should keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of access to the court prejudiced h[er] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

Plaintiff does not meet the exacting standard for relief under Rule 59(e). In sum, Plaintiff has failed to meet the standard required for this court to alter or amend its September 21, 2018 Order and Judgment, and that ruling stands.

## MOTION TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) reads: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Justice does not so require here. First, "untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.*, F.3d 1357, 1367 (10th Cir. 1993). It is hard to imagine what could be more untimely than a motion to amend filed ten months after entry of final judgment. Second, the proposed amended complaint does not cure the deficiencies of the original complaint. *Id.*

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's post-judgment motions are **DENIED**. (Doc. Nos. 55, 58, & 63.) This action remains closed.

DATED this 24th day of September, 2019.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court